1  Frank R. Lawrence (Bar No. 147531)
   William Wood (Bar No. 248327)
2  **HOLLAND & KNIGHT LLP**
   633 West Fifth Street, 21st Floor
3  Los Angeles, California 90071
   Telephone: (213) 896-2400
4  Facsimile: (213) 896-2450

5  *Attorneys for Defendants*
   MAINSTAY BUSINESS SOLUTIONS and
6  BLUE LAKE RANCHERIA TRIBE

7

8

9              UNITED STATES DISTRICT COURT

10         FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| MARIO YEPEZ, *individually and on behalf of all others similarly situated and as private attorneys general*,<br><br>Plaintiff,<br><br>v.<br><br>MAINSTAY BUSINESS SOLUTIONS and BLUE LAKE RANCHERIA TRIBE OF CALIFORNIA,<br><br>Defendants. | Case No. CV07-8067 FMC (VBKx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS BY THE BLUE LAKE RANCHERIA TRIBE Fed. R. Civ. P. 12(b)(1), 12(b)(2) and 12(b)(3)**<br><br>Date:  April 14, 2008<br>Time:  10:00 am<br>Place:  Courtroom No. 750<br>       Hon. Florence-Marie Cooper |

23  //
24  //
25  //
26  //
27  //
28  //

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................... 2

II. ARGUMENT .................................................................................................. 5

    A. Plaintiff's Complaint Should Be Dismissed For Improper Venue Under Rule 12(b)(3) ........................................................................... 5

    B. Plaintiff Has Failed To Exhaust Tribal Remedies, And Thus His Complaint Should Be Dismissed For Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) ................................................................. 7

    C. Plaintiff's Complaint Should Be Dismissed For Lack Of Personal Jurisdiction Under Rule 12(b)(2) ..................................................... 11

    D. Conclusion ...................................................................................... 14

# TABLE OF AUTHORITIES

Page No.

**CASES**

*A.K. Mgmt. Co. v. San Manuel Band of Mission Indians,*
789 F.2d 785 (9th Cir. 1986) ...................................................................... 12

*American Indian Agric. Credit Consortium, Inc. v. Standing Rock Sioux Tribe,*
780 F.2d 1374 (8th Cir. 1985) .................................................................... 12

*Argueta v. Banco Mexicano, S.A.,*
87 F.3d 320 (9th Cir. 1996) ...................................................................... 3, 5

*Bremen v. Zapata Off-Shore Co.,*
407 U.S. 1 (1972) .......................................................................................... 6

*Burlington N. R.R. Co. v. Crow Tribe,*
940 F.2d 1239 (9th Cir. 1991) ............................................................. passim

*California ex rel. Dep't of Fish and Game v. Quechan Tribe of Indians,*
595 F.2d 1153 (9th Cir. 1979) .................................................................... 12

*Chemehuevi Tribe v. California Bd. of Equalization,*
757 F.2d 1047 (9th Cir.), *rev'd on other grounds*, 474 U.S. 9 (1985) ...... 12

*Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n,*
149 F.3d 679 (9th Cir. 1998) ........................................................................ 7

*DoleFood Co. v. Watts,*
303 F.3d 1104 (9th Cir. 2002) .................................................................... 11

*Hunt Wesson Foods, Inc. v. Supreme Oil Co.,*
817 F.2d 75 (9th Cir. 1987) .......................................................................... 6

*Iowa Mutual Ins. Co. v. LaPlante,*
480 U.S. 9 (1987) .................................................................................. passim

*Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.,*
523 U.S. 751 (1993) ............................................................................... 4, 13

*Manetti-Farrow, Inc. v. Gucci America, Inc.,*
858 F.2d 509 (9th Cir. 1988) ........................................................................ 6

*Marceau v. Blackfeet Housing Auth.,*
455 F.3d 974 (9th Cir. 2006) ...................................................................... 13

*McNatt v. Apfel,*
201 F.3d 1084 (9th Cir. 2000) .................................................................... 11

*Murphy v. Schneider National, Inc.*,
   362 F.3d 1133 (9th Cir. 2004) .................................................................... 5

*Nat'l Farmers Union Ins. Co. v. Crow Tribe*,
   471 U.S. 845 (1985) ........................................................................... 9, 10

*Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*,
   498 U.S. 505 (1991) ........................................................................... 4, 12

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
   741 F.2d 273 (9th Cir. 1984) ..................................................................... 6

*Pit River Home and Agric. Coop. Ass'n v. United States*,
   30 F.3d 1088 (9th Cir. 1994) .................................................................... 12

*Puyallup Tribe, Inc. v. Dep't of Game*,
   433 U.S. 165 (1977) ............................................................................. 12

*Rehner v. Rice*,
   678 F.2d 1340 (9th Cir. 1982), *rev'd on other grounds*, 463 U.S. 713
   (1983) .......................................................................................... 12

*Roberts v. Corrothers*,
   812 F.2d 1173 (9th Cir. 1987) .................................................................... 7

*Sac and Fox Nation v. Hanson*,
   47 F.3d 1061 (10th Cir. 1995) ................................................................... 13

*Santa Clara Pueblo v. Martinez*,
   436 U.S. 49 (1978) ............................................................................ 4, 12

*Stock West Corp. v. Taylor*,
   964 F.2d 912 (9th Cir. 1992) .................................................................. 8, 11

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation*,
   873 F.2d 1221 (9th Cir. 1989) ..................................................... 7, 8, 9, 10, 11

*Taag Linhas Aereas v. Transamerica Airlines, Inc.*,
   915 F.2d 1351 (9th Cir. 199) ..................................................................... 6

*Wellman v. Chevron U.S.A., Inc.*,
   815 F.2d 577 (9th Cir. 1987) .................................................................. 9, 10

**OTHER AUTHORITIES**

72 Fed. Reg. 13,648, 13,648 (Mar. 22, 2007) ........................................................ 2

Federal Rule of Procedure
   Rule 12(b)(1) ............................................................................. 2, 4, 7
   Rule 12(b)(2) .......................................................................... 2, 4, 11, 13
   Rule 12(b)(3) ............................................................................ 2, 3, 5, 7


1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Blue Lake Rancheria Tribal Court Ordinance
    § 11.1.1.030(A)(1) ............................................................................................. 7-8
    § 11.1.1.030(A)(2) ................................................................................................. 8
    § 11.1.1.030(A)(3)(d) ....................................................................................... 8, 11

## I. INTRODUCTION

Defendants Mainstay Business Solutions ("Mainstay") and the Blue Lake Rancheria Tribe ("Tribe") hereby move pursuant to Federal Rule of Procedure 12(b)(3) and Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2) to dismiss with prejudice the Plaintiff's Complaint ("Complaint") in the above-captioned matter on the grounds, respectively, that (a) as a condition of their employment, all employees of Mainstay consent to the exclusive jurisdiction of the Blue Lake Rancheria Tribal Court ("Tribal Court") for any and all employment disputes in connection with their employment with Defendants, and (b) this Court lacks subject matter jurisdiction and personal jurisdiction over Plaintiff's claims because Plaintiff has failed to exhaust his remedies in the Tribal Court, and because Plaintiff has not shown that either Mainstay or the Tribe has waived its or their sovereign immunity against unconsented suit.

The Blue Lake Rancheria Tribe is a federally recognized Indian tribe. *See* Indian Entities Recognized and Eligible To Receive Services From the United States Bureau of Indian Affairs, 72 Fed. Reg. 13,648, 13,648 (Mar. 22, 2007). In order to generate revenues for Tribal government programs and services, the Tribe operates several economic development projects. These projects, which are overseen by the Tribe's Business Operations department, are wholly owned and operated by the Blue Lake Rancheria Economic Development Corporation ("BLREDC"). Defendant Mainstay is a division of BLREDC and also wholly owned and operated by the Tribe for the purpose of generating government revenues. *See* Declaration of Eric Ramos (hereinafter "Ramos Dec.") at ¶ 5. These entities are all governmental entities of the Tribe that share the Tribe's sovereign immunity. The requirement to exhaust Tribal Court remedies applies equally to suits brought against each of these entities (as it applies to suits brought against the Tribe itself). For purposes of this Motion, the fact that the Tribe has chosen to carry out its functions through these various entities is of no legal import.

Plaintiff alleges that he was employed by Defendants and seeks injunctive and declaratory relief against Mainstay and the Tribe for their alleged failure to comply with certain employment laws and related claims allegedly arising out of the employment relationship. *See* Complaint at 6:15-17; 1:19-2:4.[1] Assuming the truth of Plaintiff's allegation, Defendants note that all employees of Mainstay are required as a condition of their employment to consent to the exclusive jurisdiction of the Tribe's Dispute Resolution Process and the Blue Lake Rancheria Tribal Court ("Tribal Court") for any and all disputes in connection with their employment with Defendants, and to the application of the Tribe's laws (both substantive and procedural) regarding any and all proceedings and all matters relating to their employment relationship with the Tribe. *See* Ramos Dec. at ¶ 9, Exhibit D (Mainstay Business Solutions Employment Application (hereinafter "Employment Application")), at p. 2.

Moreover, all Mainstay employees are given a copy of the Mainstay Business Solutions Employee Handbook ("Employee Handbook") and are required to sign a Receipt/Acknowledgement form acknowledging their receipt of the Handbook, which form also provides that as employees of Mainstay they consent to the exclusive jurisdiction of the Tribe's Dispute Resolution Process and the Tribal Court for any and all disputes in connection with their employment, and to the application of the Tribe's laws concerning all proceedings and matters relating to their employment relationship with Mainstay. *See* Ramos Dec. at ¶ 10, Exhibit E (Mainstay Business Solutions Employee Handbook), at p. 2. The forum selection clauses in the Employment Application and Employee Handbook thus require that disputes in connection with employment with Mainstay be heard exclusively in the Tribal Court, and Plaintiff's Complaint should be dismissed under Rule 12(b)(3) for improper venue. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

---

[1] References to the Complaint appear as: Complaint at page # : line # - line #.

- 3 -

Although all Mainstay employees consent to the exclusive jurisdiction of the Tribal Court over, and the application of Tribal law to, disputes and other matters in connection with employment with Defendants, Plaintiff has failed to pursue his claims in the Tribal Court. *See* Declaration of Elizabeth Jackson (hereinafter "Jackson Dec.") at ¶ 3. Both the Supreme Court and the Ninth Circuit have held that petitioners must exhaust available tribal court remedies before seeking relief in federal court, and this exhaustion requirement is a prerequisite to a federal court's exercise of its jurisdiction. *See Iowa Mutual Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987); *Burlington N. R.R. Co. v. Crow Tribe*, 940 F.2d 1239, 1245, 1245 n.3 (9th Cir. 1991). Thus Plaintiff's Complaint should be dismissed under Rule 12(b)(1) on the ground that Plaintiff has failed to exhaust his remedies in the Tribal Court.

Finally, the Complaint should also be dismissed under Rule 12(b)(2) for lack of personal jurisdiction, not only because Plaintiff has failed to exhaust Tribal Court remedies (thus preventing this Court from exercising its jurisdiction), but also because Plaintiff has failed to plead or prove that Mainstay or the Tribe waived their sovereign immunity from unconsented suit. Suits against Indian tribes and their economic development projects are barred by sovereign immunity absent a clear and unequivocally expressed waiver by the tribe or congressional abrogation. *See Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991); *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58-59 (1978). And the Supreme Court has made it clear that this immunity extends to tribally-owned businesses and other tribal entities. *See Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 755, 759, 760 (1993). As Plaintiff has failed to show that Mainstay and the Tribe waived their immunity against suit with respect to this matter, his Complaint should be dismissed for lack of personal jurisdiction.

For these reasons, the Tribe respectfully requests that the Court grant its Motion to Dismiss for improper venue and lack of subject matter and personal jurisdiction, with prejudice.

## II. ARGUMENT

### A. Plaintiff's Complaint Should Be Dismissed For Improper Venue Under Rule 12(b)(3)

A contractual forum selection clause is grounds for a Rule 12(b)(3) motion to dismiss for improper venue. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). In this context, a court can consider facts outside the pleadings and need not accept the pleadings as true, *id.* at 324, but it must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party. *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

Plaintiff alleges that he was an employee of Defendants. *See* Complaint at 6:15-17. Plaintiff's claims arise out of that alleged employment relationship. *See, e.g.*, Complaint at 3:7-4:2, 4:16-22, 5:20-5:22, 6:15-25. Assuming that Plaintiff's allegation is true, all employees of Mainstay are required, as a condition of their employment, to sign an affirmation which provides in relevant part as follows:

> I understand . . . that recognition and acceptance of the sovereign status of Mainstay Business Solutions is essential to my employment, and no services may be performed, and no waged paid unless and until I have indicated my understanding of and agreement to the foregoing matters by signing below. As an employee of Mainstay Business Solutions, wholly owned by the Blue Lake Indian Tribe, I *consent to the exclusive jurisdiction* of the Tribe's Dispute Resolution Process (DRP) and the Tribal Court for any and all disputes in connection with my employment with the Tribe. I also consent to the application of the Tribe's Law, both substantive and procedural[,] regarding any and all proceedings, and all matters relating to my employment relationship with the Tribe.

*See* Ramos Dec. at ¶ 9, Exhibit D (Employment Application), at p. 2 (emphasis added).

Moreover, all employees are given a copy of Mainstay's Employee Handbook and are required upon receipt of the Handbook to sign a Receipt/Acknowledgement form which reads in relevant part:

> I hereby acknowledge that I have been advised that Mainstay Business Solutions is a Tribally-owned staffing company, governed and managed according to applicable Tribal policies and procedures of the Blue Lake Indian Tribe, a federally recognized Native American Tribe. . . . .
>
> As an employee of Mainstay Business Solutions, I *consent to the exclusive jurisdiction* of the Tribe's Dispute Resolution Process (DRP), these Handbook rules and the Tribal Court for an and all disputes in connection with my employment with Mainstay Business Solutions. I also consent to the application of the Tribe's law, both substantive and procedural[,] regarding any and all proceedings, matters and things relating to my employment relationship with Mainstay Business Solutions.

*See* Ramos Dec. at ¶ 10, Exhibit E (Employee Handbook), at p. 2 (emphasis added).

Federal law governs the validity of a forum selection clause, *see Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988), and forum selection clauses are *prima facie* valid and should not be set aside unless the party challenging one can "clearly show that enforcement would be unreasonable and unjust . . . ." *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972). *See also Taag Linhas Aereas v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 199). Where a forum selection clause states that a court shall have "exclusive jurisdiction" over a controversy, the clause requires litigation in that particular court. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77-78 (9th Cir. 1987). *Cf. Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir. 1984) (finding exclusive and mandatory jurisdiction where the agreement provided that it "shall be litigated only in the Superior Court for Los Angeles County (and in no other)").

As noted, all employees of Mainstay sign an affirmation as part of their employment application and an acknowledgment form upon receipt of Mainstay's Employee Handbook, both of which provide that the employee consents to the exclusive jurisdiction of the Blue Lake Rancheria Tribal Court for any and all disputes in connection with his employment. *See* Ramos Dec. at ¶ 9, Exhibit D

(Employment Application), at p. 2; *id.* at ¶ 10, Exhibit E (Employee Handbook), at p. 2. Thus the forum selection clauses in the Employment Application and Employee Handbook require that disputes regarding employment with Mainstay, such as those brought by Plaintiff, be heard exclusively in the Tribal Court. Accordingly, Plaintiff's Complaint should be dismissed for improper venue under Rule 12(b)(3).

### B. Plaintiff Has Failed To Exhaust Tribal Remedies, And Thus His Complaint Should Be Dismissed For Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

On a motion to dismiss pursuant to Rule 12(b)(1), a court is not bound to accept the truth of the allegations in the complaint. Rather, the plaintiff must establish jurisdiction by competent proof, and the court may properly look to evidence beyond the pleadings in this inquiry. *See Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (9th Cir. 1998). *See also Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

Although Mainstay employees sign the above-referenced affirmation (as part of their employment application) and acknowledgment form (upon receipt of the Employee Handbook) and in doing so consent to the exclusive jurisdiction of the Tribal Court over and the application of Tribal law to disputes and other matters relating to their employment with Defendants, Plaintiff has not pursued his claims in the Tribal Court. *See* Jackson Dec. at ¶ 3. Because Plaintiff has failed to exhaust his Tribal Court remedies, this Court cannot exercise its jurisdiction over this lawsuit, and the Complaint should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1228 (9th Cir. 1989).

The ordinance establishing the Blue Lake Rancheria Tribal Court provides that the Tribal Court "shall have civil jurisdiction over all matters in law or in equity which the Business Council [of the Blue Lake Rancheria] expressly

1  authorizes by ordinance." *See* Ramos Dec. at ¶ 11, Exhibit F (Ordinance of the
2  Business Council of the Blue Lake Rancheria Establishing a Tribal Court,
3  Ordinance No. 07-01, § 11.1.1.030(A)(1) ("Tribal Court Ordinance")), at p. 4. The
4  Tribal Court Ordinance grants the Tribal Court subject matter jurisdiction over all
5  "[c]auses of action against the Tribe or tribally owned legal entities established
6  under law with their principal place of business or agent for service of process
7  located on [Tribal] lands . . . ." Tribal Court Ordinance § 11.1.1.0303(A)(2). And
8  the Ordinance provides for Tribal Court civil jurisdiction over "[p]ersons or legal
9  entities who have entered contracts with the Tribe or its wholly owned legal
10  entities[.]" *Id.* § 11.1.1.030(A)(3)(d). Thus, assuming that Plaintiff entered into an
11  employment contract with Defendants (as Plaintiff alleges), *see* Complaint at 6:15-
12  17, the Ordinance gives the Tribal Court personal jurisdiction over Plaintiff and
13  subject matter jurisdiction to hear his claims, which are causes of action against the
14  Tribe and an economic enterprise wholly owned and operated by the Tribe
15  established under tribal law with its principal place of business and agent for
16  service of process located on the Rancheria. Mainstay's principal place of business
17  and agent for service of process are located on the Rancheria. *See* Ramos Dec. at ¶
18  5.

19  Both the Supreme Court and the Ninth Circuit have held that in cases where
20  jurisdiction arguably lies with a tribal court, plaintiffs must exhaust available tribal
21  court remedies before seeking relief in federal court. *See Iowa Mutual Ins. Co. v.*
22  *LaPlante*, 480 U.S. 9, 16 (1987); *Stock West Corp. v. Taylor*, 964 F.2d 912, 918-20
23  (9th Cir. 1992); *Burlington N. R.R. Co. v. Crow Tribe*, 940 F.2d 1239, 1245 (9th
24  Cir. 1991). "[T]he initial determination of whether the Tribe has jurisdiction lies
25  with the tribal court alone." *Burlington Northern*, 940 F.2d at 1244 (*citing Stock*
26  *West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d at 1227).
27  Thus a federal court should stay its hand in order to give a tribal court a "'full
28  opportunity to determine its own jurisdiction[,]'" *Iowa Mutual*, 480 U.S. at 16

1   (quoting *Nat'l Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 857 (1985)),
2   and "should *not even make a ruling on tribal court jurisdiction* . . . until tribal
3   remedies are exhausted." *Burlington Northern*, 940 F.2d at 1244 (*citing Stock*
4   *West, Inc. v. Confederated Tribes*, 873 F.2d at 1228). Indeed, the Ninth Circuit has
5   held that the requirement of exhaustion of remedies is mandatory, *see Burlington*
6   *Northern*, 940 F.2d at 1245, and has concluded that it is proper to dismiss a
7   plaintiff's federal court complaint solely on the basis of the failure to pursue tribal
8   court adjudication of tribal court jurisdiction. *See Stock West, Inc. v. Confederated*
9   *Tribes*, 873 F.2d at 1228; *see also Burlington Northern*, 940 F.2d at 1244-45. *Cf.*
10  *Wellman v. Chevron U.S.A., Inc.*, 815 F.2d 577, 578 (9th Cir. 1987)
11  ("Considerations of comity require the exhaustion of tribal court remedies before
12  the claim may be addressed by the district court.") (*citing Iowa Mutual*, 480 U.S. at
13  15-16; *Nat'l Farmers*, 471 U.S. at 857).

14          Requiring plaintiffs to exhaust tribal court remedies serves several important
15  federal policies. First, it furthers tribal self-government and self-determination,
16  both of which are twin goals of federal Indian policy. "Tribal courts play a vital
17  role in tribal-self government, and the Federal Government has consistently
18  encouraged their development." *Iowa Mutual*, 480 U.S. at 14-15 (internal citation
19  omitted). *See also id.* at 16 (noting that the federal policy of supporting tribal self-
20  government and self-determination is furthered by requiring exhaustion of tribal
21  court remedies); *Nat'l Farmers*, 471 U.S. at 856 (same). Allowing plaintiffs
22  unconditional access to federal court without requiring them to first exhaust tribal
23  court remedies would place federal courts in direct competition with tribal courts
24  and thereby undermine the federal policy of promoting tribal self-government and
25  the development of tribal political institutions, including tribal courts. *See Iowa*
26  *Mutual*, 480 U.S. at 16 (citations omitted); *Wellman v. Chevron U.S.A., Inc.*, 815
27  F.2d 577, 578 (9th Cir. 1987).
28

Second, requiring the exhaustion of tribal court remedies gives tribal courts the opportunity to apply and develop tribal law. The Supreme Court has recognized that "tribal courts are best qualified to interpret and apply tribal law." *Iowa Mutual*, 480 U.S. at 16. Moreover, exhaustion of tribal court remedies provides other courts with the benefit of tribal courts' expertise regarding the basis for their jurisdiction and other matters. *See Nat'l Farmers*, 471 U.S. at 857. These concerns are especially important in situations like the one before the Court, where employees consent to the jurisdiction of the Tribal Court over, and to the application of Tribal law to, disputes regarding their employment with Defendants. As both the Supreme Court and Ninth Circuit have recognized, the Tribal Court must be given the opportunity to determine its jurisdiction over Plaintiff and Plaintiff's claims, and to apply the Tribe's laws to these claims.

In addition, procedural considerations weigh in favor of requiring plaintiffs to exhaust tribal court remedies. *See Burlington Northern*, 940 F.2d at 1246 ("The practical impairment of judicial efficiency also compels exhaustion of tribal remedies."). Mandating that federal courts stay their hands until after a tribal court has had a full opportunity to determine its own jurisdiction minimizes the risks of a "procedural nightmare," *see Nat'l Farmers*, 471 U.S. at 856-57, and encourages more efficient procedures by allowing a tribal court to develop the necessary factual record for disposition on the merits. *See Burlington Northern*, 940 F.2d at 1246.

Because Plaintiff has failed to pursue, much less exhaust, his remedies in the Blue Lake Rancheria Tribal Court, this Court is barred from exercising its jurisdiction over the above-captioned matter. The requirement of exhaustion of remedies is mandatory, and Plaintiff's Complaint should be dismissed. *See Burlington Northern*, 940 F.2d at 1246. *See also Stock West, Inc. v. Confederated Tribes*, 873 F.2d at 1228. Thus, even if Plaintiff had not expressly consented to

1  Tribal Court jurisdiction, it would still be proper for the Court to dismiss Plaintiff's
2  Complaint for failure to exhaust tribal remedies.
3  C.  **Plaintiff's Complaint Should Be Dismissed For Lack Of Personal**
4  **Jurisdiction Under Rule 12(b)(2)**
5  　　　In the context of a Rule 12(b)(2) motion to dismiss for lack of personal
6  jurisdiction, a court takes as true the allegations of the non-moving party and
7  resolve all factual disputes in that party's favor. *See DoleFood Co. v. Watts*, 303
8  F.3d 1104, 1107 (9th Cir. 2002). *See also McNatt v. Apfel*, 201 F.3d 1084, 1087
9  (9th Cir. 2000). Plaintiff alleges that he is a former employee of Defendants who
10 was employed "under an employment agreement that was party written, partly oral,
11 and partly implied." Complaint at 3:26, 6:15-17. The Court must accept this
12 allegation as true. *See DoleFood*, 303 F.3d at 1007.
13 　　　As discussed above, the Tribal Court Ordinance extends the scope of the
14 Tribal Court's civil jurisdiction to "[p]ersons or legal entities who have entered
15 contracts with the Tribe or its wholly owned legal entities[.]" Tribal Court
16 Ordinance § 11.1.1.030(A)(3)(d). Plaintiff, however, has failed to exhaust his
17 remedies in the Tribal Court, which is a prerequisite to a federal court's exercising
18 jurisdiction in cases where jurisdiction arguably lies with a tribal court. *See Iowa*
19 *Mutual*, 480 U.S. at 16; *Stock West Corp. v. Taylor*, 964 F.2d at 918-20;
20 *Burlington Northern*, 940 F.2d at 1244, 1245. The Tribal Court has not had an
21 opportunity to determine either its subject matter or personal jurisdiction, although
22 this determination "lies with the tribal court alone." *Burlington Northern*, 940 F.2d
23 at 1244 (citing *Stock West, Inc. v. Confederated Tribes*, 873 F.2d at 1227). Thus,
24 Plaintiff's Complaint should also dismissed under Rule 12(b)(2) for lack of
25 personal jurisdiction.
26 　　　In addition, Plaintiff's Complaint should be dismissed for lack of personal
27 jurisdiction pursuant to Rule 12(b)(2) because Plaintiff has failed to show that
28 either Mainstay or the Tribe waived its or their sovereign immunity against

- 11 -

unconsented suit. Indeed, neither Mainstay nor the Tribe has waived its sovereign immunity in connection with this lawsuit. *See* Ramos Dec. at ¶¶ 4, 7.

Suits against Indian tribes are barred by sovereign immunity absent a clear and unequivocally expressed waiver by the tribe or congressional abrogation. *See Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe,* 498 U.S. 505, 509 (1991); *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 58-59 (1978); *A.K. Mgmt. Co. v. San Manuel Band of Mission Indians,* 789 F.2d 785, 789 (9th Cir. 1986). *See also American Indian Agric. Credit Consortium, Inc. v. Standing Rock Sioux Tribe,* 780 F.2d 1374, 1378 (8th Cir. 1985) ("[N]othing short of an express and unequivocal waiver can defeat the sovereign immunity of an Indian nation."). And because sovereign immunity is jurisdictional in nature, its recognition by the Court is not discretionary. *See Puyallup Tribe, Inc. v. Dep't of Game,* 433 U.S. 165, 172-73 (1977); *California ex rel. Dep't of Fish and Game v. Quechan Tribe of Indians,* 595 F.2d 1153, 1154-55 (9th Cir. 1979).

Sovereign immunity is a jurisdictional bar to any claims against an Indian tribe, "irrespective of the merits of the claim." *Chemehuevi Tribe v. California Bd. of Equalization,* 757 F.2d 1047, 1051 (9th Cir. 1985), *rev'd on other grounds,* 474 U.S. 9 (1985); *Rehner v. Rice,* 678 F.2d 1340, 1351 (9th Cir. 1982), *rev'd on other grounds,* 463 U.S. 713 (1983); *Quechan Tribe,* 595 F.2d at 1155. "[S]overeign immunity is not a discretionary doctrine that may be applied as a remedy depending upon the equities of a given situation." *Chemehuevi Indian Tribe,* 757 F.2d at 1052 n.6 (*citing Quechan Tribe,* 595 F.2d at 1155). "'Sovereign immunity involves a right which courts have no choice, in the absence of a waiver, but to recognize.'" *Pit River Home and Agric. Coop. Ass'n v. United States,* 30 F.3d 1088, 1100 (9th Cir. 1994) (*quoting Quechan Tribe,* 595 F.2d at 1155). Thus, sovereign immunity may not be defeated even where its assertion may "unfairly deprive contracting parties of the benefit of their bargains." *American Indian Agric. Credit Consortium,* 780 F.2d at 1379.

Supreme Court precedent makes it clear that tribal sovereign immunity extends to tribally-owned business and other tribal entities like Mainstay. *See Kiowa Tribe*, 523 U.S. at 760 (Indian tribes enjoy immunity from suits "for both governmental and commercial activities"); *id.* at 755 (refusing to "confine immunity from suit to transactions on reservations and to governmental activities . . ."); *Marceau v. Blackfeet Housing Auth.*, 455 F.3d 974 (9th Cir. 2006) (sovereign immunity extends to both the corporate and governmental activities of a tribe, and to agencies and subdivisions of the tribe and to tribal officials acting in their official capacity and within the scope of their authority); *Sac and Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995) ("[A] waiver of sovereign immunity cannot be inferred from the Nation's engagement in commercial activity.").

Thus, absent an express and unequivocal waiver of the Tribe's and/or Mainstay's sovereign immunity against unconsented suit, Defendants are not subject to the jurisdiction of this Court. Because Plaintiff has failed to prove – and indeed does not even allege – that the sovereign immunity of either Defendant (or both of them) has been waived or abrogated, his Complaint should be dismissed under Rule 12(b)(2) on the ground that this Court lacks personal jurisdiction over Defendants.

//
//
//
//
//
//
//
//
//

**D.  Conclusion**

For all of the reasons stated above, the Defendants respectfully request that this Court dismiss this lawsuit with prejudice.

Date:    March 3, 2008

Respectfully submitted,

HOLLAND & KNIGHT LLP

By:    /s/ Frank R. Lawrence
         Frank R. Lawrence

*Attorneys for Defendants*
MAINSTAY BUSINESS SOLUTIONS and
BLUE LAKE RANCHERIA TRIBE

# 5084617_v7